## JARED S. HOWE *vs.* BAILEY BARTLETT.

Goods held by a mortgagee in possession, under an agreement that he should sell the same and account for the excess over the amount of his debt, are subject to attachment; and if attached by the same officer on several writs against the mortgagor, the mortgagee cannot maintain an action against the officer for the same without prior notice and demand to each of the attaching creditors, although there has been no formal taking except in the first suit, and although he has not been informed of the subsequent suits.

Nor can the plaintiff in such action be allowed to aver that the attachments were excessive, or that the claims on which they were founded were invalid.

TORT for the taking of personal property. The plaintiff claimed title as mortgagee in possession under a mortgage from one Dodge. At the trial in the superior court there was evidence tending to show that at the time when the plaintiff took possession Dodge wished the plaintiff to sell the property, and account to him for the excess over the amount of the mortgage debt. The defendant justified his taking under attachments made by him as deputy sheriff in three several suits against Dodge; but there was no new or formal taking upon the last two writs, those attachments being made subject to the first, and the plaintiff was not informed of such subsequent attachments till after the present suit was commenced, and he gave no written notice and demand after the second and third attachments were made. The plaintiff introduced evidence to show that at the time of the commencement of each of said actions against Dodge, the claims of the several plaintiffs therein were not due, and that in the first and third actions judgment was rendered for the defendant. He also contended that the attachments were excessive ; but *Wilkinson*, J., ordered a verdict for the defendant, which was thereupon rendered, and the plaintiff alleged exceptions.

*D. Saunders, Jr.* for the plaintiff.

*D. H. Mason,* (*N. G. White* with him,) for the defendant.

CHAPMAN, J. If after the plaintiff took possession of the property mortgaged to him it was agreed that he should sell it and account to the mortgagor for the proceeds of the sale

3 *

after paying his debt, because the mortgagor did not wish to redeem, his title did not thereby become absolute. He was either a mortgagee with power to sell, or, at most, his title was changed to that of a pledgee. *Rowley* v. *Rice,* 10 Met. 7. *Same* v. *Same,* 11 Met. 333. The property was equally subject to attachment under the statute in either case; and each attaching creditor was entitled to notice of the plaintiff's claim. *Wheeler* v. *Bacon,* 4 Gray, 550. This action cannot be maintained, because notice was not given to the second and third attaching creditors.·

The plaintiff complains that the amount of property attached by the officer was excessive. But there is no force in this objection. It was necessary for the creditor to attach all the mortgaged property, in order to avail himself of the mortgagor's equity of redemption. The plaintiff objects that it does not appear that the attaching creditors had any valid claims against the mortgagor. But this objection is not open to him. By making the demand prescribed by the statute, he would compel the attaching creditor to pay his debt or abandon the attachment; and the statute provides that if the action is not maintained, the creditor, having paid the mortgagee's debt, shall have a lien on the property for his indemnity. This provision protects attachments on demands that do not prove to be valid. The ruling of the court was correct in directing a verdict for the defendant. ° *Exceptions overruled*